UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-00946-AB-AJR | Date: | March 5, 2026 |

| | |
|---|---|
| Title: | *Eugenio Fernandez Perez v. Pamela Bondi et al.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR.**, United States District Judge |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  [In Chambers] ORDER <u>GRANTING IN PART</u> PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [Dkt. No. 3]

On February 27, 2026, Petitioner Eugenio Fernandez Perez ("Petitioner") filed a Petition for Habeas Corpus ("Petition," Dkt. No. 1) challenging the revocation of his release on an Order of Supervision ("OSUP") and his continued detention without belief that his removal from the United States is reasonably foreseeable. Also on February 27, Petitioner filed an Emergency Application for Temporary Restraining Order ("TRO Application," Dkt. No. 3).

On February 27, the Court entered an order observing that Respondents were served with Petitioner's Petition and TRO Application pursuant to Appendix C of the Local Civil Rules, and setting a deadline for Respondents to respond to the Application. *See* Order (Dkt. No. 5). Respondents timely filed an Opposition to the Application. *See* Opposition (Dkt. No. 7).

The gravamen of Petitioner's TRO Application is that the Respondents are violating his Fifth Amendment right to due process, the Immigration and

Nationality Act, and 8 U.S.C. § 1231(a) and its implementing regulations because Respondents failed to follow the necessary procedures for revoking his OSUP. The TRO Application seeks an order requiring "Respondents to immediately release Petitioner from custody. Further, Respondents are prohibited from re-detaining Petitioner without first obtaining a travel document and complying with the requirements of C.F.R. § 241.4." *See* TRO Appl. Prop. Order.

      The Court finds that the TRO Application raises serious questions about whether Respondents complied with 8 U.S.C. § 1231 and 8 C.F.R. §§ 241.4(l), 241.13(i) in re-detaining Petitioner. Petitioner raises serious questions concerning whether the Notice of Revocation of Release and Notice of Informal Interview (TRO Appl. Ex. B [Dkt. No. 3-3]), which are devoid of any information specific to Petitioner and which were presented to him at the time he was re-detained, comply with the regulatory requirements to notify Petitioner of "the *reasons* for revocation of his … release," 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3) (emphasis added), and to "afford [Petitioner] an opportunity to *respond* to the reasons for revocation stated in the notification," including an opportunity to "submit any *evidence* or information that he . . . believes shows there is no significant likelihood he . . . [will] be removed in the reasonably foreseeable future, or that he . . . has not violated the order of supervision." 8 C.F.R. § 241.13(i)(3) (emphasis added). Petitioner's allegation that he asked for time to review the revocation paperwork with his attorney, but was denied, also raises serious questions. *See* Perez Decl. (Dkt. No. 3-2) ¶ 190. In addition, that the Interviewing Officer's documentation of the informal interview reflects that Petitioner made "no statement" regarding the reasons for revocation (*see* TRO Appl. Ex. B [Dkt. 3-3] p. 4) is contradicted by Petitioner's declaration attesting to numerous statements he made in response, calls into question whether Respondents provided an initial interview that comports with 8 C.F.R. § 241.13(i)(3) ("The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.") Finally, Respondents did not respond to Petitioner's argument that the revocation procedure was improper because the Notice of Revocation was signed by a Supervisory Detention and Deportation Officer ("SDDO") and not the Executive Associate Director of ICE—the official whom 8 C.F.R. § 241.4(l)(2) authorizes to revoke the release of and to re-detain noncitizens.[1]

---

[1] 8 C.F.R. § 241.4(l)(2), entitled "Determination by the Service," vests revocation authority in the "Executive Associate Commissioner" of the former Immigration

      The Court therefore **GRANTS IN PART** Petitioner's TRO Application. Respondents are **ENJOINED** from transferring, relocating, or removing Petitioner outside of the Central District of California (including, but not limited to, transferring Petitioner to an ICE facility outside of the Central District or removing Petitioner from the United States) pending further order of the Court. The Court does not find that any further relief is appropriate on this record.

      The Court **SETS** a hearing on Wednesday March 18, 2026, at 4:00 p.m., as to whether a preliminary injunction should issue. Petitioner's opening brief on that issue is due by Monday March 9, 2026, at 5:00 p.m. Respondents' opposition is due by Thursday March 12, 2026, at 7:00 p.m. Petitioner's reply is due by Monday March 16, 2026, at 7:00 p.m. The parties' briefs should address the issues raised above regarding Respondents' compliance with 8 U.S.C. § 1231 and 8 C.F.R. §§ 241.4(l), 241.13(i).

      **IT IS SO ORDERED**.

---

and Naturalization Service ("INS"). When Congress transferred removal authority from the INS to the Department of Homeland Security ("DHS"), which includes ICE, statutory references to INS were deemed to refer to DHS. It appears that the Executive Associate Director of ICE is the equivalent of the former Executive Associate Commissioner of INS, so 8 C.F.R. § 241.4(l)(2) appears to vest revocation authority in the Executive Associate Director of ICE. *See Ceesay v. Kurzdorfer*, 781 F.Supp.3d 137, 160 (W.D.N.Y., 2025) (so explaining).