UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-00946-AB-AJR | Date: | March 13, 2026 |
|---|---|---|---|

| Title: | *Eugenio Fernandez Perez v. Pamela Bondi et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:    [In Chambers] ORDER GRANTING PETITIONER A PRELIMINARY INJUNCTION**

Before the Court is its Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. No. 8). The Court will resolve this matter without oral argument and therefore **VACATES** the March 18, 2026, hearing. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Court **GRANTS** Petitioner a preliminary injunction as follows.

**I.   BACKGROUND**

On February 27, 2026, Petitioner Eugenio Fernandez Perez ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," Dkt. No. 1). Petitioner, an 85-year-old citizen of Cuba, alleges that in 2002, he was ordered removed, but since 2007 has been on an Order of Supervision ("OSUP") permitting him to remain out of custody subject to conditions such as periodic check-ins with U.S. Immigration and Customs Enforcement ("ICE"). *See* Pet. ¶¶ 2, 4, 5. Petitioner has complied with all conditions, but at a February 5, 2026, check-in, ICE re-detained him and he has been in Respondents' custody at their Adelanto Detention Center ever since. Petitioner challenges Respondents' revocation of his OSUP and his continued detention as in violation of his right to due process under the Fifth

Amendment to the United States Constitution.

Also on February 27, Petitioner filed an Emergency Application for Temporary Restraining Order ("TRO Application," Dkt. No. 3) seeking his immediate release, among other things. Respondents timely filed an Opposition to the Application. *See* Opposition (Dkt. No. 7).

On March 5, the Court issued an Order (Dkt. No. 8) granting the TRO Application in part in that the Court enjoined Respondents from removing Petitioner from the district. The Order further stated that the TRO Application raised serious questions about whether Respondents complied with 8 U.S.C. § 1231 and 8 C.F.R. §§ 241.4(l), 241.13(i) in re-detaining Petitioner, set the matter for an order to show cause why a preliminary injunction should not issue, and set a schedule for further briefing focused on the questions the Court raised. The Court incorporates that Order herein.

Petitioner filed a Memorandum in Support of Preliminary Injunction (Dkt. No. 9) addressing the issues the Court identified and explaining why Petitioner is likely to succeed on the merits of his claims that Petitioner's ongoing detention violates his Fifth Amendment right to due process, and the Immigration and Nationality Act, 8 U.S.C. §1231(a)(6), and its implementing regulations. Petitioner also explained why the other three factors in the preliminary injunction analysis supported granting preliminary relief. Respondents filed a response stating, "At this time, Respondents are not presenting an opposition argument." *See* Response to OSC (Dkt. No. 10). That same day, Petitioner filed a Reply.

## II.     LEGAL STANDARD FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain relief, a plaintiff must meet the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

The Ninth Circuit also employs a "sliding scale" approach, where "'serious questions going to the merits' and a balance of hardships that tips sharply towards

the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### III.   DISCUSSION

To succeed on a petition for a writ of habeas corpus, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The gravamen of Petitioner's Petition is that the Respondents are violating his Fifth Amendment right to due process and the Immigration and Nationality Act, 8 U.S.C. § 1231(a), and its implementing regulations because Respondents purported to revoke his OSUP without following the necessary procedures.[1] The Court finds that Petitioner is entitled to preliminary relief based on these claims.

### A. Plaintiff Has Satisfied the *Winter* Factors

For all of the reasons that Petitioner fully explains his Memorandum and that Respondents have declined to oppose, the Court concludes that Petitioner is likely to succeed on the merits of his claims. Simply stated, the evidence shows that Respondents likely failed to follow the necessary procedures for revoking Petitioner's OSUP for at least the following reasons: they did not establish that Petitioner's removal is "reasonably foreseeable," 8 C.F.R. § 241.13(i)(2); they did not provide proper notice or a proper informal interview, 8 C.F.R. § 241.4(l)(1); and the officer who purported to revoke Petitioner's OSUP lacked the authority to do so, 8 C.F.R. § 241.4(l)(2)(iii). This conduct likely violates Petitioner's due process rights and 8 U.S.C. § 1231(a) and its implementing regulations so Petitioner is likely to succeed on the merits of his petition.

Petitioner also satisfies the other three factors in the preliminary injunction analysis. Petitioner has shown he has likely suffered and will continue to suffer irreparable harm if Respondents are not enjoined from continuing to detain him. It is well established that the deprivation of constitutional rights "'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Where, as here, the alleged deprivation of a constitutional right is involved, no further showing of

---

[1] Respondents do not question that the Court has jurisdiction to adjudicate Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

irreparable injury is necessary. *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005). Furthermore, unlawful detention constitutes "extreme or very serious" injury not compensable by money damages *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017). The Ninth Circuit has also acknowledged the "irreparable harms imposed on anyone subject to immigration detention," including substandard medical and mental health care and separation from family. *Id.* at 995. Petitioner, who is 85 years old, explained that he was in a car accident in December 2025 and has not received sufficient medical treatment since Respondents re-detained him at his February 5, 2026, ICE check-in. Petitioner has also been separated from his daughter and granddaughter, with whom he has a close relationship. Respondents' conduct causes irreparable harm absent these circumstances, but they certainly are compounding factors.

Finally, the balance of the equities and the public interest favor the issuance of a preliminary injunction. The last two *Winter* factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The balance of hardships tips sharply in Petitioner's favor as, without an injunction, he would suffer continued indefinite deprivation of his liberty, likely in violation of his constitutional rights and the INA. By contrast, Respondents face no hardship from an order that merely requires them to release Petitioner from his likely unlawful detention and enjoins them from unlawfully re-detaining him again. And the public interest is served by the issuance of a preliminary injunction because "all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005)). Violations of federal law are neither equitable nor in the public's interest. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013). The Court therefore concludes that both the balance of the equities and the public interest weigh heavily in favor of Petitioner.

### B. Preliminary Relief

The Court concludes that Petitioner's immediate release is the appropriate remedy for Petitioner's likely unlawful re-detention. The multiple deficiencies in Respondents' re-detention of Petitioner cannot be remedied by lesser relief: Respondents should not have detained Petitioner in the first place so his detention is fundamentally flawed*. See Arman Kesheshian v. Kristi Noem et, al*, 2025 WL 4227216, at *6 (C.D. Cal. 2025) ("Petitioner's release is necessary to return him to the status quo, or 'the last uncontested status which proceeded the pending controversy.'") (citation omitted). And given Respondents' multiple violations and their apparent continued detention of Petitioner, the Court will enter a prophylactic order enjoining Respondents from re-detaining Petitioner without complying with

the law governing such re-detention, including the requirement that Respondents provide notice and an informal interview where Petitioner can contest the revocation of his OSUP status and demonstrate that his removal is not reasonably foreseeable.

### C. The Court Waives Bond

Finally, the Court exercises its discretion to waive bond because "there is no realistic likelihood of harm to [Respondents] from enjoining [their] conduct." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (cleaned up). Furthermore, requiring a bond in this case would deter individuals from seeking to vindicate their constitutional and statutory rights. *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public.")

## IV.   CONCLUSION

The Court **GRANTS** Petitioner Eugenio Fernandez Perez a preliminary injunction and **ORDERS**:

1. Respondents are **ORDERED to IMMEDIATELY RELEASE** Petitioner from custody, subject only to the conditions of his pre-existing Order of Supervision. The parties are **ORDERED** to file a Joint Statement regarding Respondents' compliance with this Order by **Monday March 16, 2026, at 2:00 p.m.**

2. Respondents are **ENJOINED** from re-detaining Petitioner without complying with 8 C.F.R. § 241.4 and all other governing law.

3. Respondents are **ENJOINED** from transferring Petitioner out of this District during the pendency of these proceedings.

Consistent with General Order 05-07, any further proceedings in this matter are referred to Magistrate Judge Richlin.

**IT IS SO ORDERED**.